## Leonard v. The Municipal Sewer & Water Authority

*Bresci R. P. Leonard* and *Arthur J. Leonard,* for appellants.

*Leonard L. Stewart* and *Thomas L. Peters,* for appellee.

KIESTER, *S. J.,* December 4, 1981—The matter before the court is the petition of Bresci R. P. Leonard and Rosella Corsello Leonard, appellants, to "Allow Appeal Nunc Pro Tunc from the Board of Viewers Final Report." The lengthy petition attacks both the legality of the notice of the construction of the project and notice of the assessment and liening of appellants' property.

Appellants complain of a lack of notice. Appellee published one article and two legal notices in different newspapers. The first, published December 4, 1974, in the Butler County News, is a regular feature article that tells of a forthcoming public meeting to be held December 19, 1974, the purpose of which will be "to acquaint the public with the [Municipal] Authority's plans to upgrade and enlarge the township water pollution control facilities." The second and third are small legal ads published January 11, 1975 and January 18, 1975 in the Butler County News and North Hills News Record which state, respectively, that a meeting will be held to present "copies of the draft of the Facilities Plan of the Municipal . . . Authority" and "to seek comment from the public and from appropriate local and state agencies."

Most of the facts in the instant case involve various letters, telephone calls, notes, and lack of same, made or not made in an effort to provide notice to appellants. A principal and seemingly relevant complaint of appellants is that the articles talk about "plants" or facilities and mention neither "sewer lines" nor the affected areas with any specificity.

A reading of the relevant statute, The Second Class Township Code of May 1, 1933, P.L. 103, 53 P.S. §66502, shows both that the township's method of notice was not in complete statutory compliance and that the purpose of such notice is not to give taxpayers possessing less than 50 percent of the total property valuation, e.g., appellants, opportunities to protest. Section 66502 provides that,

"No sewer, drain or system thereof shall be constructed under the provisions of this article unless a resolution or ordinance of the board of supervisors authorizing the same shall be published in a newspaper of general circulation published in the county in which the township is situated, once a week for three successive weeks."

Such notice is the only notice required. Thus the individual notice, the lack of which appellants are complaining, is not required by law. The underlying reasoning would seem to be this: The board of supervisors is deemed to be making the decision of the people and for the people. Such a decision having been made, individuals or small groups will not be heard to alter it. Only a statutorily prescribed per centum of the taxpayers will be allowed to overrule or alter a decision of the board. Thus §66502 further provides (prior to amendment) that only a group of ". . . taxpayers . . . whose property valuation . . . shall amount to fifty per centum [sic] of the

total property valuation . . . shall sign and file . . . a written protest against the construction of such sewer, drain or system . . ."

Appellants may be factually correct in stating that they did not receive sufficient notice. However, they are not entitled to the individualized notice which they sought. Nor would proper notice by the board have provided them with the right to take action under section 66502. It is, of course, arguable, that if the board had provided proper notice, if appellants had seen it, and if appellants would have so desired, they might have been able to rally the statutorily required per centum to file proper protest.

The only recourse provided the appellants is via 35 P.S. §750.5(b),

(b)" Any person who is a resident or property owner in a municipality may request the department [of Environmental Resources, Pennsylvania] to order the municipality to revise its official plan where said person can show that the official plan is inadequate to meet the resident's or property owner's sewage disposal needs. Such request may only be made after a prior demand upon and refusal by the municipality to so revise its official plan."

The gist of 53 P.S. §66502 and 35 P.S. §750.5: If the board decides to construct a sewer line, individuals are entitled, not to abstain or complain, but only to receive a sewer adequate to meet his/her sewage disposal needs, (unless taxpayers owning 50 percent of the property valuation within the statutory period file a written protest with the court).

And that is precisely appellants' second complaint: The sewer line is inadequate because it is more than 150 feet from the sewage outlet of their

home and there is insufficient gravity flow to the main line.

The record regarding this point is barren, exclusive of the allegations of appellants. Appellee neither agrees with nor denies them. If it is true that no benefits "flows" to appellants, i.e., the sewer line is inaccessible, then the assessment is premature. More findings of fact in this regard is in order.

Moreover, this alleged lack of benefit is a sufficient extraordinary circumstance to allow an appeal nunc pro tunc. The petition was filed 47 days after the 30 day period statutorily provided by the act of May 16, 1891, P.L. 75, as amended, 53 P.S. § 1091. The property of appellants was assessed $2220. by the board of view. Legal notice of the assessment was published in the Butler Eagle on February 11, 1980 and the Butler County News on February 13, 1980. In accordance with the notice, the viewers report was filed with the court on February 8, 1980. Appellants, petition was filed April 25, 1980. Although the law grants the appellants 30 days after the filing of the report to appeal, 53 P.S. § 1091, there is no time period specified for publishing notice of filing the report, 53 P.S. § 1091. Certainly the intent of the section is that those assessed be given notice at least 30 days in advance of the filing date. It is noted that the published notice followed the filing of the report.

Appellants maintain that the period for the appeal does not commence to run until notice is given by ordinary mail of the entry of judgment [the lien]. Pa.R.C.P. 236(a). Notice was given Attorney Leonard L. Stewart representing the authority. There was no notice sent by the prothonotary to those persons whose properties were assessed. This raises another interesting question which becomes

moot because of the decision already reached. There is a problem in the interpretation of both the statute and the rule which should be clarified either by the General Assembly or the Supreme Court.

Appellants' petition will be considered as exceptions to the report of the board of view. On the facts presented, the court will set aside the confirmation and refer the assessment of the Leonard property back to the board of view for a view and hearing to determine the facts relative to the alleged inaccessibility of the sewer improvement to this property. If the allegations of appellants petition are found to be correct, the assessment may be deferred until the sewer is made accessible to the property.

## ORDER

Now, December 4, 1981, based upon the record presented and the foregoing memorandum opinion, confirmation of the assessment of the property of Bresci R. P. Leonard and Rosella Corsello Leonard is set aside. The petition before the court is considered as exceptions to the report. The board of view, Donald D. Doerr, Esq. Roy M. Greenawalt and J. Robert Brown, is ordered to proceed in accordance with law to again determine if said property has been benefited, improved or accommodated by the sewer. If a further view and hearings establish that the sewer is inaccessible, the authority will defer the assessment until such time as the sewer is made accessible to the Leonard property.

The board shall give notice of the filing of a new report by regular mail to Bresci R. P. Leonard and Rosella Corsello Leonard. Upon court confirmation of any succeeding report, the prothonotary shall give notice of the same to all the parties as provided by Pa.R.C.P. 236.